IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ALEX C. SILVA<br>2564 ROSS ROAD<br>APT. 102<br>SILVER SPRING, MD 20815<br><br>　　　　　Plaintiff,<br>v.<br><br>JOHN MORRISON<br>1632 PONCE DE LEON AVENUE, NE<br>ATLANTA, GA 30307; and<br><br>ALICE MORRISON<br>1632 PONCE DE LEON AVENUE, NE<br>ATLANTA, GA 30307<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Alex C. Silva by and through his counsel, and complains of Defendants John Morrison and Alice Morrison, husband and wife, and states as follows:

## NATURE OF THE CASE

This matter arises from the misconduct of Defendants toward Plaintiff by making false representations and knowing Plaintiff would rely on those representations. Defendants provided Plaintiff a 5 year master lease to commercial property located in the District of Columbia at $3,000.00 per month in exchange for substantial improvements made at the sole cost and expense of Plaintiff and then wrongfully evicted Plaintiff.

## THE PARTIES, JURISDICTION AND VENUE

1.     The Plaintiff, Alex C. Silva, is a resident of the State of Maryland.

2.     Defendants, John Morrison and Alice Morrison, are husband and wife, and residents of

the State of Georgia. Defendants own the property located at 3400 N Street, Washington DC 20007 that is the subject matter of this complaint.

3.  This Court has jurisdiction over this matter pursuant to 28 USC §1332.

4.  The amount in controversy in this matter exceeds $75,000.00 exclusive of interests and costs.

5.  This venue is appropriate in this matter pursuant to 28 USC §1391 et seq.

## BACKGROUND FACTS

6.  In June 2003, Defendants own a commercial property located at 3400 N Street Washington DC that was vacant and not producing income. The property was uninhabitable because it was unsafe and needed substantial repairs.

7.  Defendants sought proposals to make the necessary repairs to their property to become income producing.

8.  Defendants received estimates for repairs to the property that required approximately $95,000.00 in repairs to complete.

9.  In June 2003, Plaintiff provided a proposal to Defendants that required Defendants to provide a master lease to Plaintiff for the said property/ building for a term of 5 years at $3,000.00 a month, during which time Plaintiff would rent the units of the building and remain in one to operate his business tin exchange Plaintiff would perform the necessary repairs to the property/building at 3400 N Street Washington, DC to make it income producing.

10. Defendants agreed to plaintiff's offer and made promises to Plaintiff to begin work in

reliance upon Defendants representations that Plaintiff will be provided a master lease as mentioned herein.

11.   In October 2003, Plaintiff began making the repairs to Defendants' building at 3400 N Street, Washington, DC. 20007 and did complete the repairs of the Defendants' building, at great costs and expense, and thereby creating value in the said property both in equity and from a commercial ability to rent out the units.

12.   Plaintiff relied upon the representations and promises of Defendants, and advertised to rent the units in the said property at great expense to him and did rent the units pursuant to his agreement with Defendants.

13.   Plaintiff obtained a master lease from Defendants and was a tenant in Defendants' building from October 2003 through April 2004 during which time Plaintiff paid rent to Defendants according to the master lease agreement between them and operated his business and received income from the other units of the building without interference from the Defendants.

14.   In April 2004, Defendants wrongfully evicted or otherwise breached the master lease agreement with Plaintiff. As a result if their acts, Defendants wrongfully obtained, possessed and/or converted Plaintiff's personal property, including valuable furniture, located in said premises which have not been returned to Plaintiff.

15.   Defendants wrongfully interfered or converted the individual lease agreements between Plaintiff and third parties renting from the units in the said property procured by Plaintiff to Defendants own benefit.

## COUNT I
### (Breach of Contract)

16. Plaintiff realleges paragraphs 1 through 15 of this Complaint as set forth in full.

17. Defendants made promises and failed to fulfill promises or obligations owed to Plaintiff pursuant to the parties agreement.

18. Defendants are in breach of said agreement.

19. Plaintiff has suffered damages as a result of said breach.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) with interests and costs.

## COUNT II
### (Intentional/Negligent Misrepresentation)

20. Plaintiff realleges paragraphs 1 through 19 of the Complaint as set forth in full.

21. Defendants made intentional or negligent false representations, assertions or statements to Plaintiff.

22. Defendants intended, knew or should have known that Plaintiff would act or rely upon the intentional or negligent false representations, assertions or statements.

23. Defendants knew or should have known that Plaintiff will probably rely upon the intentional or negligent false representations, assertions or statements, which if erroneous, will cause damage to Plaintiff.

24. Plaintiff justifiably relied upon Defendants' intentional or negligent false representations, statements or assertions to his detriment.

25. As a result of Defendants' intentional or negligent conduct mentioned herein Plaintiff incurred damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) with interests and costs and punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00) with interests and costs.

## COUNT III
### (Unjust Enrichment)

26. Plaintiff realleges paragraphs 1 through 25 of the Complaint as set forth in full.

27. A benefit has been conferred upon Defendants by the Plaintiff.

28. Defendants had knowledge of the benefit.

29. Defendants retained or accepted the benefit under such circumstances as to make it inequitable for the Defendants to retain the benefit without payment of its value or the return of the money or property withheld from Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages plus expenses and costs, and for such other and further relief this court deems just.

## COUNT IV
### (Detrimental Reliance)

30  Plaintiff realleges paragraphs 1 through 29 of this Complaint as set forth in full.

31. Defendants made promises to Plaintiff pursuant to an agreement.

32. Defendants reasonably expected their promises would induce action or forbearance by the

Plaintiff.

33. Defendants' promise induced actual and reasonable action or forbearance by the Plaintiff.

34. Plaintiff detrimentally relied upon Defendants' promise resulting in damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) with interests and costs.

## COUNT V
### (Negligent or Intentional Interference with Business Advantage)

35. Plaintiff realleges paragraphs 1 through 34 of this Complaint as set forth in full.

36. Negligent or intentional willful acts of Defendants towards Plaintiff.

37. Defendants' conduct was calculated to cause damage to plaintiff in a loss of business or profits.

38. Defendant's conduct was committed with the unlawful or improper purpose to cause such damage, without justification, and actual damage resulting.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) with interests and costs and punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00) with interests and costs.

## COUNT VI
### (Conversion)

39. Plaintiff realleges paragraphs 1 through 38 of the Complaint as set forth in full.

40. Defendants improperly obtained the benefits of individual leases procured by Plaintiff through his master lease with Defendants and/or Defendants have improperly taken possession

and control of Plaintiff's personal property located in the premises.

41. Defendants intentionally and wrongfully obtained the use of Plaintiff's property for which they wrongfully benefited.

42. Defendants intentionally used Plaintiff's property in an unauthorized or illegal manner and benefited.

43. Defendants have failed to return the personal property, including furniture, to Plaintiff despite repeated demands.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) with interests and costs and punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00) with interests and costs.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

_____
Law Offices of Athan T. Tsimpedes
Athan T. Tsimpedes, Esq.
Bar. No. 452341
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
202- 638-2100 ph
202-449-3499 fx
atsimpedes@comcast.net

Attorney for Plaintiff
Alex C. Silva