IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEX C. SILVA | ) | |
| | ) | |
| Plaintiff, | ) | Case Number:  1:06CV01033 |
| | ) | |
| v. | ) | Judge:  Rosemary M. Collyer |
| | ) | |
| JOHN MORRISON, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MOTION TO DISMISS OF DEFENDANT JOHN MORRISON**

Defendant John Morrison, by his undersigned counsel, acting pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's Complaint against him for failure to state a claim upon which relief can be granted.  As shown in the Memorandum of Points and Authorities submitted herewith, the Complaint of Plaintiff Alex Silva fails to state actionable claims for relief against him.

Defendant is submitting herewith a Declaration in connection with his motion; and his co-Defendant (and wife) Alyse Lucas Corcoran (identified in the Complaint herein as Alice Morrison) is also submitting a Declaration in support of both her and his motions to dismiss.  To the extent matters presented in these Declarations are considered by the Court in connection with this motion, the motion should be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Respectfully submitted,

GARVEY SCHUBERT BARER

By: _____

Jeffrey L. Squires
D.C. Bar #185827
1000 Potomac Street, NW
Fifth Floor
Washington, DC  20007
(202) 965-7381
(202) 965-1729 (fax)

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEX C. SILVA | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case Number: 1:06CV01033** |
| | ) | |
| v. | ) | **Judge: Rosemary M. Collyer** |
| | ) | |
| JOHN MORRISON, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I.     INTRODUCTION

Defendants John Morrison and Alyse Lucas Corcoran (identified in the Complaint herein as Alice Morrison) have moved to dismiss the Complaint of Plaintiff Alex C. Silva ("Silva") for failure to state to state a claim upon which relief can be granted.  For reasons shown below, in his Complaint Silva fails to allege facts sufficient to state any claim against either of the Defendants on which relief can be granted, and his Complaint should accordingly be dismissed with prejudice.

Defendants are each submitting a Declaration in support of their motions to dismiss for the sole purpose of showing the following:  1)  Alyse Lucas Corcoran is, and at all relevant times was, the sole owner of the house located at 3400 N Street, N.W. in the District of Columbia that is the subject of Silva's complaint; and 2) to the best of their knowledge neither of the Defendants entered a five year "Master Lease" with Silva, which apparently forms the basis of Silva's claims in this matter.[1]  To the extent this Court takes the content of these Declarations

---

[1] On July 18, 2006, immediately upon being retained to represent Defendants in this matter, Defendants' undersigned counsel made written request to Plaintiff's counsel for a copy of any written agreement that formed the basis of Silva's complaint in this matter.  Silva's counsel has not responded to that request.

into effect in considering Defendants' motions, their motions should be considered as ones for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Defendants are reserving the right to challenge Plaintiff's assertion that this Court has subject matter jurisdiction with respect to his Complaint. The basis for his assertion of subject matter appears to be diversity of citizenship, but his Complaint does not directly plead the elements satisfying the requirements of 28 U.S.C. §1332. In it Plaintiff asserts that the Court has jurisdiction over this matter "because the acts and harm occurred in the District of Columbia." (Complaint, ¶3). Because Plaintiff has asserted that he is a resident of Maryland and Defendants are residents of Georgia (Id., ¶¶1 and 2) and claims to be seeking compensatory damages in the amount of $300,000 (Id., passim), the Court may find a sufficient basis in Plaintiff's pleading, generally, for an assertion of subject matter jurisdiction based on diversity. Defendants do not have sufficient information at present to challenge the good faith of Plaintiff's contention with respect to the quantity of damages he is seeking; but reserve the right to contest the existence of subject matter jurisdiction, and the good faith basis of Plaintiff's assertion of subject matter jurisdiction here.

## II.    FACT ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Silva has alleged the following facts in support of his various claims for relief:

1.    Defendants own "commercial property" located at 3400 N Street [NW] in Washington, D.C. (Id., ¶4).

2.    Defendants sought proposals to have repairs made to their property in order for it to become income producing (Id., ¶5).

3.    In June 2003 Plaintiff made a proposal to Defendants that included, inter alia, Defendants providing a "Master Lease" to Plaintiff for five years, in consideration for which

- 2 -

Plaintiff would pay $3,000 a month, perform the necessary repairs to the building, and be permitted to live in the building and rent units of the building to others (Id., ¶7).

4.     Defendants agreed to Plaintiff's offer and made "promises" concerning work in reliance upon some representations concerning provision of a Master Lease (Id., ¶8) (Defendants contend that this allegation does not, as presented by Plaintiff, make any sense).

5.     In October 2003 Plaintiff began to make repairs to the property and subsequently completed those repairs, "thereby creating value in the said property . . ." (Id., ¶9).

6.     In reliance upon Defendants' representations and promises Plaintiff advertised and rented units in the property (Id., ¶10).

7.     Plaintiff obtained a Master Lease from Defendants for a term of five years and was a tenant in the property from October 2003 through April 2004 and paid rent in accordance with the Master Lease Agreement (Id., ¶11).

8.     In April 2004 Defendants wrongfully evicted Plaintiff or otherwise breached the Master Lease Agreement.

9.     Defendants improperly interfered with individual lease agreements arranged by Plaintiff (Id., ¶13).

### III.     PLAINTIFF'S CAUSES OF ACTION

Based on these allegations Plaintiff has asserted the following causes of action:

Count I:  That Defendants breached the Master Lease Agreement.

Count II:  That Defendants made intentional or negligent false representations to Plaintiff.

Count III:  That Defendants were unjustly enriched by virtue of the acts alleged.

Count IV:  That Plaintiff is entitled to compensation based on his detrimental reliance on Defendants' promises.

- 3 -

Count V: That Defendants negligently or intentionally interfered with a business advantage.

Count VI: That Defendants are liable for conversion of Plaintiff's property.

## IV.     ARGUMENT

For reasons discussed herein, Plaintiff has failed to allege facts sufficient to state a cause of action under any theory identified in the six separate Counts asserted in his Complaint. Initially, insofar as Plaintiff is asserting claims that are premised on the allegation that Defendant John Morrison is the owner of any interest in the 3400 N Street property, the Declarations of each of Defendants submitted herewith demonstrate that Mr. Morrison at no time held any ownership interest in that property. Further, to the extent that Plaintiff's claims are premised upon the existence of a five year "Master Lease" allegedly given to him with respect to the 3400 N Street property, Defendants deny the existence of such a "Master Lease," and Plaintiff has failed to provide such a document.

**A.     Plaintiff's claim for breach of contract is barred by the statute of frauds.**

Plaintiff's breach of contract claim is barred under the Statute of Frauds, which requires that an agreement concerning an estate in land that requires more than one year to perform is not enforceable unless it is reduced to writing. D.C. Code §28-3501. See Kramer Associates, Inc. v. IKAM, Ltd., 888 A.2d 247, 252 (D.C. App. 2005); Educational Enterprises, Inc. v. Greening, 265 A.2d 287 (D.C. App. 1970). Here Defendants have each asserted that there was no written agreement concerning the five year Master Lease Plaintiff asserts as the basis of his claims. Defendants have requested Plaintiff's lawyer to provide any such agreement Plaintiff contends exist, and he has not responded. See Defendants' Motion for an Enlargement of Time to Respond to Complaint filed herein on or about July 24, 2006. The allegations of Plaintiff's Complaint do not contain information that would allow the Court to understand with reasonable

certainty what material terms and conditions were contained in the alleged agreement.  See

Kramer Associates, Inc. v. IKAM, Ltd., supra at 253.  Plaintiff's claim for breach of contract is

accordingly insufficient on its face and should be dismissed.

      **B.**      **Plaintiff has not sufficiently alleged the elements of a claim for fraud.**

      Rule 9(b) of the Federal Rules of Civil Procedure requires that a party alleging fraud

must state the circumstances constituting the fraud "with particularity."  Courts accordingly hold

Plaintiffs asserting fraud to a high pleading standard:  to adequately state a claim for fraud a

party must specifically allege the time, place and content of the false representations, the fact or

facts misrepresented, and what specific actions the claimant took in reliance on the

misrepresentation.  See, e.g., Kowal v. MCI Communications Corp., 305 U.S. App. D.C. 60, 67,

16 F.3d 1271, 1278 (1994); Bennett v. Kiggins, 377 A.2d 57, 59 (D.C. App. 1977), cert. denied,

434 U.S. 1034 (1978).

      Plaintiff's Complaint clearly falls short of that requirement.  It does not identify who was

the source of any alleged misrepresentation.  It does not identify the time or specific content of

any misrepresentation.  And it does not allege with specificity what actions Plaintiff claims to

have taken in reliance on any misrepresentation.  The Complaint is an attempt to make a general

assault on Defendants; but it does not serve to put Defendants on notice of the specific time,

place, content (or perpetrator) of any alleged misrepresentation, and accordingly should be

dismissed.

      **C.**      **Plaintiff has not alleged the elements of a claim for negligent
misrepresentation.**

      To state a claim for negligent misrepresentation a claimant must allege that Plaintiff

negligently made a false statement or omitted a fact that there was a duty to disclose; involving a

material issue; and that the Plaintiff reasonably relied upon the statement or omission to his

detriment.  See Redmond v. State Farm Insurance Company, 728 A.2d 1202, 1207-08 (D.C.

App. 1999). Here Plaintiff has not alleged that Defendants acted negligently. Indeed, the entire thrust of his Complaint – albeit inadequately pleaded, as shown above – is that Defendants either breached a contractual obligation he claimed was owed, or consciously tried to cheat him. There is no aspect of "negligence" that can be inferred from the Complaint in connection with the events alleged to have given rise to Plaintiff's Complaint.[2]

### D.    Plaintiff has not alleged a claim for unjust enrichment.

A claim for unjust enrichment may lie when, in the absence of a contract between parties, one party receives a benefit (usually money) from the other, for which the other in fairness should be compensated. See, e.g., Kramer Associates, Inc. v. IKAM, Ltd., supra, 888 A.2d at 254. Here, however, Plaintiff has not identified a benefit of the nature that could fairly give rise to a claim for unjust enrichment. He alleges only that he made certain repairs to Defendants' building "at great cost and expense, and thereby creating value in the said property . . ." (Complaint ¶9), for which he seeks compensation. However, Plaintiff provides no information about the nature of the "repairs" at issue; and without some such information it is impossible to determine what the nature of the unjust enrichment claim is. Such allegations do not even rise to the level of "notice pleading" sufficient to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure; and they do not provide a basis for an assertion of subject matter jurisdiction, which here requires evidence of a claim for an amount in excess of $75,000. For these reasons, Plaintiff's claim for unjust enrichment should be denied.

### E.    Plaintiff has not alleged a claim for detrimental reliance.

Plaintiff's claim for detrimental reliance, as alleged, is nothing more than an effort to combine elements of the claims for breach of contract and fraud, discussed above. Detrimental

---

[2] The primary difference between a claim for intentional misrepresentation, i.e., fraud, and a claim for negligent misrepresentation involves intent. A claim of negligent misrepresentation may exist when claimant has inadvertently made a false statement or omission unintentionally, but under circumstances in which it had a duty of care to have acted more prudently. There is no suggestion in the present case that there was any such failure on the part of Defendants.

reliance is apparently another formulation of promissory or equitable estoppel.  See, e.g., Bender v. The Design Store Corporation, 404 A.2d 194, 195-96 (D.C. App. 1979) and Duke v. American University, 675 A.2d 26, 28 (D.C. App. 1996).  Based essentially on the same elements of a claim for misrepresentation – that one party made a promise reasonably intended to cause action in reliance on the promise, often in a context where the representation was false, or was unfairly intended to cause the other party to act to its detriment – such a claim should be subject to the same pleading requirements as apply to a claim for fraud pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.  Yet here Plaintiff has not provided any specific information in connection with its claim for detrimental reliance (see Complaint, ¶¶28-32) in addition to its claim for fraud, thus relying on allegations that are insufficient to state a cause of action, for reasons described above.  For this reason, Plaintiff's claim for detrimental reliance should be denied.

## F.    Plaintiff has not alleged a claim for interference with business advantage.

In order to state a claim for interference with prospective business advantage, a party must allege the existence of a valid business relationship or expectancy with a third party; known by the Defendant charged with the wrong; who intentionally (or negligently) interferes with that relationship; and causes damage to the Plaintiff.  See Paul v. Howard University, 754 A.2d 297, 309 (D.C. App. 2000).  It is axiomatic that one cannot make a claim for intentional interference with a business advantage when the party named as the Defendant was also the party with whom the prospective advantage was to be had.  See Press v. Howard University, 540 A.2d 733, 736 (D.C. App. 1988).  Yet that is exactly what Plaintiff is here alleging.  For that reason, his claims for interference with prospective business advantage should be dismissed.

G.    **Plaintiff has not alleged a claim for conversion.**

Plaintiff's claim for conversion is deficient as a matter of law.  A claim for conversion is

effect the civil equivalent of a crime of theft, i.e., "an unlawful exercise of ownership, dominion

and control over the personalty of another in denial or repudiation of his right to such property."

Dennis v. Edwards, 831 A.2d 1006, 1013 (D.C. App. 2003), quoting Blanken v. Harris, Upham

& Co., Inc., 359 A.2d 281, 283 (D.C. App. 1976).  Plaintiff's claim for conversion alleges that

Defendants improperly obtained the benefits of leases procured by Plaintiff (Complaint, ¶38).

Even if that were true, consistent with all of the predicate allegations of Plaintiff's Complaint,

this can be no more than a claim for breach of contract – which for reasons described above

Plaintiff has not sufficiently alleged.

## CONCLUSION

For the reasons described above, none of the claims in Plaintiff's Complaint is sufficient

to state a cause of action against either of the Defendants on which relief can be granted, and

Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

GARVEY SCHUBERT BARER

By: _____

Jeffrey L. Squires
D.C. Bar #185827
1000 Potomac Street, NW
Fifth Floor.
Washington, DC  20007
(202) 965-7381
(202) 965-1729 (fax)

Attorney for Defendants

DC_DOCS:654635.1 [22126-00100]

- 8 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ALEX C. SILVA** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case Number: 1:06CV01033** |
| | ) | |
| **v.** | ) | **Judge: Rosemary M. Collyer** |
| | ) | |
| **JOHN MORRISON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### ORDER

This Court having considered the Motion of Defendant John Morrison to Dismiss Plaintiff's Complaint for failure to state a claim on which relief can be granted, and any opposition thereto, and having determined that Plaintiff's Complaint fails to state a cause of action against Defendant John Morrison under any of the claims alleged in that Complaint, including claims for breach of contract, negligent or intentional misrepresentation, unjust enrichment, detrimental reliance, interference with business advantage or conversion, it is this _____ day of _____, 2006

ORDERED that Defendant John Morrison's motion be, and hereby is, granted; and it is further

ORDERED that Plaintiff's Complaint against Defendant John Morrison in this matter be, and hereby is, dismissed with prejudice.

_____
Judge Rosemary M. Collyer
United States District Judge

Copies to:

Jeffrey L. Squires, Esq.
Garvey Schubert Barer
1000 Potomac Street, NW
Fifth Floor
Washington, DC  20007

Athan T. Tsimpedes, Esq.
Law Offices of Athan T. Tsimpedes
1420 New York Avenue, NW, 7th Floor
Washington, DC  20005

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ALEX C. SILVA** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case Number:  1:06CV01033** |
| | ) | |
| **v.** | ) | **Judge:  Rosemary M. Collyer** |
| | ) | |
| **JOHN MORRISON, <u>et al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion to Dismiss of Defendant John

Morrison was sent by U.S. mail, postage prepaid, this 31st day of July, 2006 to:

        Athan T. Tsimpedes, Esq.
        Law Offices of Athan T. Tsimpedes
        1420 New York Avenue, NW, 7th Floor
        Washington, DC  20005

        Jeffrey L. Squires, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALEX C. SILVA                  )

                                   )

          Plaintiff,            )      Case Number:  1:06CV01033

                                   )

         v.                   )      Judge:  Rosemary M. Collyer

                                   )

JOHN MORRISON, et al.,      )

                                   )

         Defendants.        )

                                   )

## DECLARATION OF JOHN MORRISON

John Morrison declares and states as follows:

1.      I am an adult resident of Atlanta, Georgia.  For approximately 13 years I have been married to Alyse Lucas Corcoran.  We reside at 1632 Ponce De Leon Avenue, NE, Atlanta, Georgia 30307.  I make this Declaration of my own knowledge.

2.      At no time have I ever owned any interest in the house located at 3400 N Street, NW in the District of Columbia.  To the best of my knowledge my wife owned that house at the time of our marriage; and has continued to own that house through the present.

3.      I know Alex Silva.  Never having had any ownership interest in the 3400 N Street house, I never entered into any agreement with him, written or otherwise, with respect to a five year Master Lease on that house.

I declare this 27th day of _____July_____, 2006, under penalty of perjury, that the foregoing is to the best of my knowledge true and correct.

_____
John Morrison