UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX C. SILVA )<br>)<br>     Plaintiff )<br>v. )<br>)<br>JOHN MORRISON, et al. )<br>)<br>     Defendants )<br>_____ ) | Civil Action No. 1:06-cv-1033(RMC) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

### BACKGROUND

Plaintiff Alex C. Siva (hereinafter "Silva") had an agreement with the Defendants Alyce Morrison and John Morrison (hereinafter Defendants) whereby Silva would make necessary repairs to a commercial building owned by Defendants located in Washington DC. (Compl. Par. 6- Attached as Exhibit A). At the time of all acts relevant hereto, Defendants John Morrison and Alyce Morrison (Alyce Lucas Corcoran) represented themselves as the owners of the property and made representations to Plaintiff as such which Plaintiff relied upon. (Compl. Par. 6, -12; See also Alyse Corcoran Aff. Par. 3). The commercial property was in ruins, vacant and needed repairs. (Compl. Par. 6-9; Exhibit B-. Par. 3).

Plaintiff and Defendants entered into agreement in which Defendants provided a master lease to Plaintiff for the said property/ building for a term of 5 years at $3,000.00 a month, during which time Plaintiff would rent the units of the building and remain in one to operate his business. In exchange Plaintiff would perform the necessary repairs to the property/building at 3400 N Street Washington, DC. (Compl. Par. 6-9). Plaintiff performed substantial repairs valued at least in excess of $95,000.00. (Compl. Par. 8). Plaintiff obtained a master lease from Defendants and was a tenant in the property owned by Defendant from October 2003 through April 2004 during which time Plaintiff paid rent obtained rents from other units which Plaintiff procured through his master lease. (Compl. Par 13; Exhibit B- Par. 3). In April 2004, Defendants wrongfully interfered with Plaintiff's agreements with tenants in the building and otherwise wrongfully obtained plaintiff's personal property and evicted plaintiff from the premises. (Compl. Par. 13-16).

In Defendant Alyse Lucas Corcoran's affidavit she admits there was a proposal between Plaintiff in which plaintiff " would make certain repairs to that house, and we discussed a rather complex arrangement by which he would live [tenant] in the house, make certain repairs to the house and have certain rights to rent a portion of the house to others [procure tenants]. (See Exhibit B- Alyce Corcoran. Aff. Par. 3). Obviously Defendant admits there was an agreement because she further states in her Declaration/Affidavit that Plaintiff was in essence in breach of the contract and there was a mutual termination. (Id.)

**STANDARD OF REVIEW**

In ruling on a motion to dismiss, courts must accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 109 (1979); *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996); *United States v. BCCI Holdings (Luxemberg), S.A.*, 3 F. Supp. 2d 31, 35 (D.D.C. 1998). The allegations of the complaint should be construed broadly and liberally in the plaintiffs' favor. Wright & Miller, Federal Practice & Procedure §1350, p. 551; *see also Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). It is well-established that a complaint should not be dismissed for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 46 (1957).

**ARGUMENT**

PLAINTIFF HAS PROPERLY PLED A CAUSE FOF ACTION FOR UNJUST ENRICHMENT.

Defendants correctly identify the applicable law in the District of Columbia for unjust enrichment. Defendants' sole basis for dismissal on this issue is that Plaintiff does not identify "a benefit if the nature that could fairly give rise to a claim for unjust enrichment. Defendants' mistakenly focus primarily on the repairs made by Plaintiff, which is part of this analysis, but misses the agreements

between plaintiff and tenants that were producing revenue to Plaintiff that were converted by Defendants who received unjust gains.(Compl. Par. 13-15)

Defendants profit taking or unjust gains from the repairs made by Plaintiff to Defendants' property or the lease agreements procured by Plaintiff with third party tenants through a master lease is distinct from the contract between Plaintiff and Defendants as a tenant. The "unjust enrichment" or "gains" targeted for disgorgement need not be limited to "profits"; they may also include all illegal payments received. *SEC v. Blavin*, 760 F.2d 706, 713 (6th Cir. 1985) (finding that unjust enrichment includes the value of benefits a wrongdoer receives through the scheme, not merely the profits after the fraud); *see also Great Lakes Equities Co.*, 775 F. Supp. 211, 214 (E.D. Mich. 1991). Such conduct by Defendants for which they reaped benefits from cannot be considered so narrowly to avoid being identified for the purposes of a dismissal. When viewing the facts as true as alleged by Plaintiff on this issue, the fact finder would find that Plaintiff identified a benefit in which Defendants received an unjust benefit.

Therefore, as a matter of fact or law, Defendants' motions to dismiss on this issue should be denied.

## CONVERSION IS PROPERLY ALLEGED IN PLAINTIFF'S COMPLAINT

Defendant sole basis for dismissal on Plaintiff's cause of action for conversion misplaced and fails to acknowledge the facts and law applicable in this matter. The Defendants argument is mistakenly based on that if" defendants

improperly obtained benefits of leases procured by Plaintiff… can be no more than a claim for a breach of contract[3]. (Def. Mot to Dism. P. 8).

Assuming the law is correct, Defendants are still mistaken for there belief because they fail to understand that Plaintiff had separate contracts with tenants that he procured for his benefit that is separate and apart from the agreement Plaintiff had with Defendants.

Therefore, as a matter of fact or law, Defendants' motion to dismiss should be dismissed on this issue.

## TORTIOUS INTERFERENCE

The Defendants' basis for dismissal on the cause of action for intentional interference is premised on a mistaken set of facts. Defendant asserts that "one cannot make a claim for intentional interference with a business advantage when the party named as the defendant was also the party with whom the prospective advantage was to be had". (Def. Mot to Dims. P. 8).

Defendants fail to understand the set f facts presented in Plaintiffs complaint that allege separate and distinct type of relationships arising fro the conduct with defendants, including tenant, master lease holder of the Defendants building and parties to a contract for repairs.

Defendants are correct that one cannot be intentionally interfering with one's own contract for a cause of action for intentional interference to overcome a dismissal, but would allow for a cause of action for breach of contract[4]. While a breach of

---

[3] Defendants adopt the argument in there motion for dismissal for the count for breach of contract
[4] Plaintiff adopts the arguments made herein for support of its opposition that a cause of action for breach of contract has not been properly pled.

contract is pled in this matter, is the defendants conduct of interfering with the tenants procured by Plaintiff in which plaintiff had a contract with, with the knowledge of the Defendants of such agreements, give rise to this cause of action.

Plaintiff advertised and procured tenants because he was the master lease holder and what was agreed to be allowed pursuant to the agreement with the Defendants. (Compl. Par. 12-15)  It is not the defendants agreement for the master ease that is intentionally interfered with but the individual tenant agreements between the tenants and Plaintiff. (Id.)  It is obvious, Defendants conduct and attitude provide a legal remedy as stated in Plaintiff's complaint for tortious interference and breach of contract.

Defendants do not deny in their motion that there was an agreement that Plaintiff would be able to rent the premises to tenants. (See Exhibit B- Alyce Corcoran Aff. Par.3).  Ms. Corcoran also admits that an agreement was made causing repairs to be furnished by Plaintiff (Id.; See also Compl. 9-15).  This alone is sufficient to allow this matter to be tried on its merits before a jury and making dismissal inappropriate.

Based on the above, as a matter of fact or law, Defendants' motions to dismiss on this issue should be denied.

PROMISSORY ESTOPPEL OR DETRIMENTAL RELIANCE HAS BEEN PROPERLY PLED.

Defendant argues solely that because the same elements apply for misrepresentation/fraud, the allegations made by Plaintiff are likewise insufficient.

(Defs'. Mot To Dism. p. 7). As stated by Defendants, this remedy is an equitable one. According to the complaint and Ms. Corcoran's affidavit Plaintiff did make repairs (Compl. Par. 11; Exhibit B- Par 3.). Therefore, viewing the facts as true, a reasonable fact finder would find in favor of Plaintiff on this issue. Defendants' motions to dismiss on this issue must be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' motions to dismiss in their entirety.

Dated:  September 5, 2006                      Respectfully submitted,

_____/s/_____
Athan T. Tsimpedes
DC Bar no. 452341
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
202-638-2100
202-449-3499 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2006 a copy of the foregoing Plaintiff's Opposition to Defendants' Motions to Dismiss, was served by first class mail, postage prepaid upon:

Jeffrey L. Squires
1000 Potomac Street, NW
Fifth Floor
Washington, DC 20007
Attorney for Defendants

_____/s/_____
Athan T. Tsimpedes