UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX C. SILVA,               )<br>                                        )<br>          Plaintiff,              )<br>                                        )<br>     v.                               )     Civil Action No. 06-1033 (RMC)<br>                                        )<br>JOHN MORRISON, et al.,  )<br>                                        )<br>          Defendants.          )<br>                                        ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alex Silva brought this diversity suit alleging, in essence, that he rented property from Defendants under an oral agreement and that the Defendants wrongfully terminated the agreement and wrongfully evicted him before the term of the lease expired. Defendants are Alyse Lucas Corcoran, the owner of the property, and her husband John Morrison.[1] The two Defendants have filed identical motions to dismiss. As explained below, the Court will grant in part and deny in part Defendants' motions to dismiss.

**I. BACKGROUND FACTS**

Mr. Silva alleges that in June 2003, he proposed to Defendants that he would lease property located at 3400 N Street, Washington, D.C. for a term of five years at a rate of $3,000 per month, during which time Mr. Silva would perform necessary repairs to the building, live in one unit of the building, and rent the other units to third parties. Compl. ¶ 9. Mr. Silva contends that

---

[1] The Complaint erroneously names "Alice Morrison" as a defendant when it means to name Alyse Lucas Corcoran.

Defendants agreed[2] and he made repairs valued at over $95,000 in reliance on the agreement with Defendants. *Id*. ¶¶ 8, 10, 11. Starting in October 2003, Mr. Silva lived at the property, paid rent to Defendants, and rented out the other units. *Id*. ¶¶ 12, 13. In April 2004, Defendants evicted Mr. Silva, allegedly retaining Mr. Silva's furniture and other personal property and the benefits of the third party leases. *Id*. ¶¶ 14, 15. As a result, Mr. Silva filed a six-count Complaint alleging:

> Count I – Breach of Contract;
>
> Count II – Intentional/Negligent Misrepresentation;
>
> Count III – Unjust Enrichment;
>
> Count IV – Detrimental Reliance;
>
> Count V – Negligent or Intentional Interference with Business Advantage; and
>
> Count VI – Conversion.

Defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion "tests the legal sufficiency of the complaint." *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 472 (D.C. Cir. 1991). Under 12(b)(6), a court "does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim." *Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999). In reviewing such a motion, the court accepts the allegations in the non-movant's pleading as true and draws all reasonable inferences in the non-movant's favor. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);

---

[2] Although Defendants contend that Ms. Corcoran owns the property and that Mr. Morrison has no ownership interest, Mr. Silva asserts that both Defendants represented themselves as owners of the property. Pl.'s Opp. to Defs.' Mots. to Dismiss at 1.

*Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983). However, the court need not accept as true plaintiff's legal conclusions. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint may not be dismissed on a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46.

### III.  ANALYSIS

First, Defendants seek dismissal of the breach of contract claim (Count I), arguing that the statute of frauds, D.C. Code § 28-3502, bars enforcement of the alleged contract because a contract dealing with real property must be in writing. "The statute of frauds mandates that certain agreements, including those concerning real estate, must be in writing to guard against perjury and protect against unfounded and fraudulent claims." *Railan v. Katyal*, 766 A.2d 998, 1007 (D.C. App. 2001) (quotations omitted). Defendants, however, ignore that partial performance of the contract constitutes an exception to the statute of frauds. Courts refuse to allow the statute of frauds defense where promissory estoppel applies — where there was partial performance of, and detrimental reliance on, the agreement. *Id*. at 1008. Mr. Silva alleges partial performance and detrimental reliance — he lived at the rental property from October 2003 to April 2004, he paid rent, and he repaired the property in reliance on the alleged oral agreement. Because Mr. Silva has stated a claim for breach of contract, the motions to dismiss will be denied with regard to Count I.

Second, Defendants move to dismiss Count II, the claim for negligent/intentional misrepresentation, due to the failure to state the circumstances of the alleged fraud with particularity as required by Federal Rule of Civil Procedure 9(b). To adequately state a claim for fraud, a party must specifically allege the time, place, and content of the false representations, the fact or facts

misrepresented, and what actions the claimant took in reliance on the alleged misrepresentation. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994). Because the Complaint does not make the specific averments necessary to plead misrepresentation, the Court will grant Defendants' motions to dismiss Count II and will dismiss Count II without prejudice. Mr. Silva may file an amended complaint no later than March 28, 2007, alleging misrepresentation with particularity.

Third, Defendants seek dismissal of Count III, the claim for unjust enrichment. A claim for unjust enrichment may be asserted when one party receives a benefit from another for which in fairness the other should be compensated. *Kramer Assoc., Inc. v. Ikam, Ltd.*, 888 A.2d 247, 254 (D.C. App. 2005). Mr. Silva alleges: (1) Defendants had received estimates for repairs totaling $95,000, Compl. ¶ 8; (2) Mr. Silva repaired the property "at great cost and expense . . . thereby creating value in the said property," *id*. ¶ 11; and (3) Mr. Silva advertised to rent the units in the property "at great expense" and did rent the units, *id*. ¶ 12. The Complaint, in sum, alleges that Mr. Silva provided a benefit to Defendants for which Mr. Silva should be compensated. Although Defendants complain that the allegations fail to describe the repairs, the allegations satisfy the requirements of notice pleading under Federal Rule of Civil Procedure 8. Detailed information regarding the repairs is a proper subject for discovery. The motions to dismiss Count III will be denied.

Fourth, with regard to Count IV, the claim for "detrimental reliance," Defendants contend that the claim should be dismissed under Rule 9(b) for lack of particularity. A claim for "detrimental reliance" is essentially a claim for promissory estoppel. To state a claim for promissory estoppel, a plaintiff must show a promise, that induced reliance, and that the plaintiff reasonably

relied on the promise to his detriment. *Building Servs. Co. v. Nat'l RR Passenger Corp.*, 305 F. Supp. 2d 85, 95 (D.D.C. 2004) (citing D.C. law). Rule 9(b) does not require that promissory estoppel be pleaded with particularity. The motions to dismiss will be denied with regard to Count IV.

Fifth, Defendants seek dismissal of Count V, interference with business advantage, arguing "[i]t is axiomatic that one cannot make a claim for intentional interference with a business advantage when the party named as the Defendant was also the party with whom the prospective advantage was to be had." Defs.' Mot. to Dismiss at 7. Defendants erroneously construe the Complaint to allege Defendants interfered with the alleged agreement with Mr. Silva or with their own lease with third party tenants. This is not the claim that Mr. Silva makes. In Count V, Mr. Silva contends that Defendants interfered with agreements between Mr. Silva and third parties for the lease of the other units at the N Street property. The motions to dismiss Count V will be denied.

Finally, Defendants argue for dismissal of Count VI, conversion. Conversion is "any unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto." *Shea v. Fridley*, 123 A.2d 358, 361 (D.C. App. 1956). Mr. Silva has stated a claim for conversion since he alleges that Defendants have taken control of his personal property, including furniture, located in the premises. Compl. ¶¶ 40-43. The motions to dismiss Count VI will be denied.

### IV. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the motions to dismiss filed by John Morrison [Dkt. # 3] and Alyse Lucas Corcoran [Dkt. # 4] are **GRANTED IN PART AND DENIED IN PART**; and it is

**FURTHER ORDERED** that the motions to dismiss are **DENIED** with regard to Count I and Counts III through VI; and it is

**FURTHER ORDERED** that the motions to dismiss are **GRANTED** with regard to Count II (negligent/intentional misrepresentation). Count II is dismissed without prejudice. Mr. Silva may file an amended complaint no later than March 28, 2007, alleging misrepresentation with particularity as required by Federal Rule of Civil Procedure 9(b).

**SO ORDERED**.


Date:   February 28, 2007                    _____/s/_____
                                             ROSEMARY M. COLLYER
                                             United States District Judge