IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ALEX C. SILVA | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 06-1033(RMC) |
| v. | ) |
| | ) |
| JOHN MORRISON and | ) |
| ALYSE LUCAS CORCORAN | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Alex C. Silva by and through his counsel, and complains of Defendants John Morrison and Alice Lucas Corcoran, husband and wife, and states as follows:

### NATURE OF THE CASE

This matter arises from the misconduct of Defendants toward Plaintiff by making false representations and knowing Plaintiff would rely on those representations. Defendants provided Plaintiff a 5 year master lease to commercial property located in the District of Columbia at $3,000.00 per month in exchange for substantial improvements made at the sole cost and expense of Plaintiff and then wrongfully evicted Plaintiff.

### THE PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Alex C. Silva, is a resident of the State of Maryland.

2. Defendants, John Morrison and Alyse Luca Corcoran, are husband and wife, and residents of the State of Georgia. Defendants own the property located at 3400 N Street, Washington DC 20007 that is the subject matter of this complaint.

3. This Court has jurisdiction over this matter pursuant to 28 USC §1332.

4. The amount in controversy in this matter exceeds $75,000.00 exclusive of interests and

costs.

5. This venue is appropriate in this matter pursuant to 28 USC §1391 et seq.

**BACKGROUND FACTS**

6. In June 2003, Defendants own a commercial property located at 3400 N Street Washington, DC that was vacant and not producing income. The property was uninhabitable because it was unsafe and needed substantial repairs prior to Plaintiff's involvement.

7. Defendants sought proposals to make the necessary repairs to their property to become income producing.

8. Defendants received estimates for repairs to the property that required approximately $95,000.00 in repairs to complete.

9. In June 2003, Plaintiff provided a proposal to Defendants that required Defendants to provide a master lease to Plaintiff for the said property/ building for a term of 5 years at $3,000.00 a month, during which time Plaintiff would rent the units of the building and remain in one to operate his business tin exchange Plaintiff would perform the necessary repairs to the property/building at 3400 N Street Washington, DC to make it income producing.

10. Defendants agreed to plaintiff's offer and made promises to Plaintiff to begin work in reliance upon Defendants representations that Plaintiff will be provided a master lease as mentioned herein.

11. In September 2003, Plaintiff began making the repairs to Defendants' building at 3400 N

Street, Washington, DC. 20007 and did complete the repairs of the Defendants' building, at great costs and expense, and thereby creating value in the said property both in equity and from a commercial ability to rent out the units.

12.     Plaintiff relied upon the representations and promises of Defendants, and advertised to rent the units in the said property at great expense to him and did rent the units pursuant to the agreement with Defendants.

13.     On numerous occasions in June and July 2003, Defendants John Morrison and Alyse Corcoran represented to Plaintiff that she " would like to be able to rent the property" and would consider providing a master lease to plaintiff.  These representations occurred at the property during June and July 2003.  Unfortunately, Defendants at the time of making these representations knew the statements made to plaintiff were false and intended to get repairs done inexpensively.  Defendants knew when they made the representations they were false and while promising an agreement of a master lease with Plaintiff to induce his services and making repairs, knew that Plaintiff would not be allowed fulfill the lease term where he would obtain substantial rents.

14.     The Defendants in June and July 2003, never intended Plaintiff to fulfill the master lease to the property but withheld those facts in order for Plaintiff to make the necessary repairs to his detriment.  Defendants knew they would create problems and force Plaintiff out of the property once
it became profitable because they never executed a written agreement and would use this fact to wrongfully evict him.  In other words, Defendant used a bait and switch tactic on Plaintiff offering a

3

master lease in which plaintiff believed his substantial efforts would allow him to rent and make profits from tenants during the master lease term to induce him to perform the necessary ad costly repairs to the property, when in fact Defendants had planned on a very short stay of Plaintiff and to evict him wrongfully in order to be unjustly enriched. Defendants knew the true value of the rents of the property when repaired and once the property was occupied with tenants from the efforts, resources, time and expense of Plaintiff, they would wrongfully evict him to reap the benefits.

15. In March 2004, Defendants admitted the Plaintiff was making too much money from the rents and that there was no executed master lease as the basis for wrongfully evicting plaintiff. As a result of Defendants conduct, Plaintiff was forced to leave the property in shame, embarrassment and financially ruined while Defendants enjoyed the increased value, new rental income, and free repairs wrongfully obtained. Defendants obtained these substantial benefits and income from Plaintiff because of their ulterior motive of profit and hubris at Plaintiff's expense.

16. Defendants concealed their true intentions of obtaining free repairs and rental income from Plaintiff when the false carrot of a master lease was represented and agreed but never actually executed. The non execution of the master lease was intentional by Defendants who used the lack of

a executed agreement against Plaintiff with threats of lawsuits and eviction if he were to stay on the property with no executed written agreement with Defendants.

17.    In March 2003, Plaintiff was ashamed, frightened and financially broke from having used substantial resources to repair the property by which Defendants wrongfully obtained rental income, increased value and repairs to the property all to Plaintiffs detriment.

18.    In June and July 2003 on numerous occasions Plaintiff was contacted by Defendants and represented an offer of a master lease in exchange for repair work and rent.  However, at the time these statements were made, Defendants never intended Plaintiff would fulfill the lease term knowing Plaintiff would spend and did spend substantial resources repairing and making the property commercially viable producing income for Defendants.

19.    At all times relevant in June and July, 2003, Defendants never intended on allowing Plaintiff to fulfill the lease term when the master lease was offered in order to induce plaintiff into making substantial repairs and making the property commercial viable.

20.    Plaintiff obtained a master lease from Defendants and was a tenant in Defendants' building from October 2003 through April 2004 during which time Plaintiff paid rent to Defendants according to the master lease agreement between them and operated his business and received income from the other units of the building without interference from the Defendants.

21.    In April 2004, Defendants wrongfully evicted or otherwise breached the master lease agreement with Plaintiff.  As a result if their acts, Defendants wrongfully obtained, possessed and/or converted Plaintiff's personal property, including valuable furniture, located in said premises which have not been returned to Plaintiff.

22.    Defendants wrongfully interfered or converted the individual lease agreements between

Plaintiff and third parties renting from the units in the said property procured by Plaintiff to Defendants own benefit.

## COUNT I
### (Breach of Contract)

23. Plaintiff realleges paragraphs 1 through 22 of this Complaint as set forth in full.

24. Defendants made promises and failed to fulfill promises or obligations owed to Plaintiff pursuant to the parties agreement.

25. Defendants are in breach of said agreement.

26. Plaintiff has suffered damages as a result of said breach.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) with interests and costs.

## COUNT II
### (Intentional/Negligent Misrepresentation)

27. Plaintiff realleges paragraphs 1 through 26 of the Complaint as set forth in full.

28. Defendants made intentional or negligent false representations, assertions or statements to Plaintiff.

29. Defendants intended, knew or should have known that Plaintiff would act or rely upon the intentional or negligent false representations, assertions or statements.

30. Defendants knew or should have known that Plaintiff will probably rely upon the intentional or negligent false representations, assertions or statements, which if erroneous, will cause damage to Plaintiff.

31. Plaintiff justifiably relied upon Defendants' intentional or negligent false representations, statements or assertions to his detriment.

32. As a result of Defendants' intentional or negligent conduct mentioned herein Plaintiff incurred damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) with interests and costs and punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00) with interests and costs.

## COUNT III
### (Unjust Enrichment)

33. Plaintiff realleges paragraphs 1 through 25 of the Complaint as set forth in full.

34. A benefit has been conferred upon Defendants by the Plaintiff.

35. Defendants had knowledge of the benefit.

36. Defendants retained or accepted the benefit under such circumstances as to make it inequitable for the Defendants to retain the benefit without payment of its value or the return of the money or property withheld from Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages plus expenses and costs, and for such other and further relief this court deems just.

## COUNT IV
### (Detrimental Reliance)

37 Plaintiff realleges paragraphs 1 through 36 of this Complaint as set forth in full.

38. Defendants made promises to Plaintiff pursuant to an agreement.

39. Defendants reasonably expected their promises would induce action or forbearance by the Plaintiff.

40. Defendants' promise induced actual and reasonable action or forbearance by the Plaintiff.

41. Plaintiff detrimentally relied upon Defendants' promise resulting in damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) with interests and costs.

## COUNT V
### (Negligent or Intentional Interference with Business Advantage)

42. Plaintiff realleges paragraphs 1 through 41 of this Complaint as set forth in full.

43. Negligent or intentional willful acts of Defendants towards Plaintiff.

44. Defendants' conduct was calculated to cause damage to plaintiff in a loss of business or profits.

45. Defendant's conduct was committed with the unlawful or improper purpose to cause such damage, without justification, and actual damage resulting.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) with interests and costs and punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00) with interests and costs.

## COUNT VI
### (Conversion)

46. Plaintiff realleges paragraphs 1 through 45 of the Complaint as set forth in full.

47. Defendants improperly obtained the benefits of individual leases procured by Plaintiff through his master lease with Defendants and/or Defendants have improperly taken possession and control of Plaintiff's personal property located in the premises.

48. Defendants intentionally and wrongfully obtained the use of Plaintiff's property for which they wrongfully benefited.

49. Defendants intentionally used Plaintiff's property in an unauthorized or illegal manner and benefited.

50. Defendants have failed to return the personal property, including furniture, to Plaintiff despite repeated demands.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) with interests and costs and punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00) with interests and costs.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

_____/s/_____
Law Offices of Athan T. Tsimpedes
Athan T. Tsimpedes, Esq.
Bar. No. 452341
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
202- 638-2100 ph
202-449-3499 fx
atsimpedes@comcast.net

Attorney for Plaintiff
Alex C. Silva