IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX C. SILVA | : |
| *Plaintiff,* | : |
| v. | : CASE NO.: 1:06CV01033 |
| | : Judge: Rosemary M. Collyer |
| JOHN MORRISON, et. al. | : |
| *Defendants.* | : |

## ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

**COMES NOW** the Defendants, JOHN MORRISON and ALYSE LUCAS CORCORAN, jointly and severally, by and through counsel, Steven VanGrack, Esquire and hereby submits their answer, affirmative defenses, and counterclaim to Plaintiff's Amended Complaint as follows:

### NATURE OF THE CASE

This statement of Plaintiff's characterization of this action does not require a response, but to the extent a response may be deemed required, Defendants deny each and every allegation contained therein.

### THE PARTIES, JURISDICTION AND VENUE

1. Paragraph 1 regarding the Plaintiff is neither admitted nor denied by Defendants John Morrison and Alyse Lucas Corcoran for lack of information.

2. Paragraph 2 regarding marital status and state of residence is admitted by Defendants John Morrison and Alyse Lucas Corcoran. Defendants deny the remaining

VANGRACK, AXELSON WILLIAMOWSKY, BENDER & FISHMAN, P.C.
ATTORNEYS AT LAW
401 N. WASHINGTON ST.
SUITE 550
ROCKVILLE, MD 20850
(301) 738-7600

2300 M STREET, N.W.
SUITE 800
WASHINGTON, D.C.
20037

7799 LEESBURG PIKE
SUITE 900 N
FALLS CHURCH, VA 22043

allegation concerning the ownership of the property in question.

3. Paragraph 3 is a statement of jurisdiction for which no answer is required.

4. Paragraph 4 is a statement of jurisdiction for which no answer is required. However, Defendants John Morrison and Alyse Lucas Corcoran specifically deny the allegation that the controversy in this matter exceeds $75,000.00.

5. Paragraph 5 is a statement concerning venue for which no answer is required.

## BACKGROUND FACTS

6. Defendants John Morrison and Alyse Lucas Corcoran admit in June 2003, Alyse Lucas Corcoran was the sole-owner of a "residential" property located at 3040 N Street, N.W., Washington, D.C. Defendants deny the remaining allegations contained in Paragraph 6.

7. Defendants John Morrison and Alyse Lucas Corcoran deny the allegations contained in Paragraph 7.

8. Defendants John Morrison and Alyse Lucas Corcoran deny the allegations contained in Paragraph 8.

9. Defendants John Morrison and Alyse Lucas Corcoran admit that Plaintiff "proposed" a 5-year master lease agreement in May 2004 after voluntarily vacating the property in April 2004. Defendants deny the remaining allegations contained in Paragraph 9.

10. Defendants John Morrison and Alyse Lucas Corcoran deny the allegations contained in Paragraph 10.

11. Defendants John Morrison and Alyse Lucas Corcoran deny the allegations

contained in Paragraph 11.

12. Defendants John Morrison and Alyse Lucas Corcoran deny the allegations contained in Paragraph 12.

13. Defendants John Morrison and Alyse Lucas Corcoran admit Plaintiff was given permission to rent some of the rooms in the property in question. Defendants deny each and every one of the remaining allegations contained in Paragraph 13.

14. Defendants John Morrison and Alyse Lucas Corcoran deny each and every one of the allegations contained in Paragraph 14.

15. Defendants John Morrison and Alyse Lucas Corcoran deny each and every one of the allegations contained in Paragraph 15.

16. Defendants John Morrison and Alyse Lucas Corcoran deny each and every one of the allegations contained in Paragraph 16.

17. Defendants John Morrison and Alyse Lucas Corcoran deny each and every one of the allegations contained in Paragraph 17.

18. Defendants John Morrison and Alyse Lucas Corcoran deny each and every one of the allegations contained in Paragraph 18.

19. Defendants John Morrison and Alyse Lucas Corcoran deny each and every one of the allegations contained in Paragraph 19.

20. Defendants John Morrison and Alyse Lucas Corcoran admit to the period Plaintiff occupied the residence from October 2003 until April 2004. Defendants deny each and every one of the remaining allegations contained in Paragraph 20.

21. Defendants John Morrison and Alyse Lucas Corcoran deny each and every one of the allegations contained in Paragraph 21.

22.     Defendants John Morrison and Alyse Lucas Corcoran deny each and every one of the allegations contained in Paragraph 22.

## COUNT I
### (Breach of Contract)

23.     Defendants John Morrison and Alyse Lucas Corcoran deny the allegations contained in Paragraphs 24, 25 and 26 and Defendants deny they owe any money to the Plaintiff.

## COUNT II
### (Intentional/Negligent Misrepresentation)

24.     Defendants John Morrison and Alyse Lucas Corcoran deny the allegations contained in Paragraphs 28, 29, 30, 31 and 32.

25.     Defendants John Morrison and Alyse Lucas Corcoran contend that punitive damages are not legally permissible under the circumstances alleged herein and Defendants deny they owe any money to the Plaintiff.

## COUNT III
### (Unjust Enrichment)

26.     Defendants John Morrison and Alyse Lucas Corcoran deny the allegations contained in Paragraphs 34, 35 and 36 and Defendants deny they owe any money to the Plaintiff.

## COUNT IV
### (Detrimental Reliance)

27.     Defendants John Morrison and Alyse Lucas Corcoran deny the allegations contained in Paragraphs 38, 39, 40 and 41 and Defendants deny they owe any money to the Plaintiff.

## COUNT V
### (Negligent or Intentional Interference with Business Advantage)

28.     Defendants John Morrison and Alyse Lucas Corcoran deny the allegations contained in Paragraphs 43, 44 and 45.

29.     Defendants John Morrison and Alyse Lucas Corcoran contend that punitive damages are not legally permissible under the circumstances alleged herein and Defendants deny they owe any money to the Plaintiff.

## COUNT VI
### (Conversion)

30.     Defendants John Morrison and Alyse Lucas Corcoran deny the allegations contained in Paragraphs 47, 48, 49 and 50.

31.     Defendants John Morrison and Alyse Lucas Corcoran contend that punitive damages are not legally permissible under the circumstances alleged herein and Defendants deny they owe any money to the Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The amount in controversy does not meet the Court's jurisdictional requirement under 28 U.S.C. § 1332 (a).

## THIRD AFFIRMATIVE DEFENSE

The Complaint does not present claims or legal conclusions which are warranted under existing law.

## ALYSE LUCAS CORCORAN'S COUNTERCLAIM

### COUNT I
(Breach of Contract)

1. On or about June 13, 2007, the Plaintiff, ALEX C. SILVA, did file an Amended Complaint against the Defendants, JOHN MORRISON and ALYSE LUCAS CORCORAN.

2. Defendant and Counter-Plaintiff, ALYSE LUCAS CORCORAN now files this COUNTERCLAIM to the Amended Complaint.

3. In October 2003, Plaintiff and Counter-Defendant Silva solicited and/or proposed the rental of Defendant and Counter-Plaintiff Corcoran's personal residence located at 3040 N Street, N.W., Washington, D.C., on a "month-to-month" basis for Three Thousand Dollars ($3,000.00) per month with Silva to acquire sub-tenants and to properly maintain the property.

4. Corcoran gave Silva permission to be a tenant at 3040 N. Street, N.W., for the sum of Three Thousand Dollars ($3,000.00) per month. Additionally, Silva was to

properly maintain the property and acquire sub-tenants and to reserve one room for Corcoran at all times.

5. Silva occupied the Counter-Plaintiff's residence at 3040 N Street, N.W., Washington, D.C. from on or about October 2003 until on or about April 2004.

6. Corcoran did not receive rental income from Silva's sub-tenants or the previously agreed upon rent from Silva for his period of occupancy.

7. On or about April 21, 2004, Silva notified Corcoran in writing of his intent to immediately vacate her residence located at 3040 N Street, N.W., Washington, D.C. without proffering past-due rent he owed Corcoran and without accounting for the costs to maintain the property or the receipts from sub-tenants.

8. Silva's sub-tenants continued to occupy the residence following his departure without paying Corcoran any rent and causing her to lose use of her residence for several months.

9. Silva has caused Corcoran to suffer a loss and failed to pay her Thirteen Thousand Four Hundred and Thirty Dollars ($13,430.00) in rent for the period he occupied her residence and Silva owes Corcoran for the losses she sustained after he abruptly left the premises.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counter-Plaintiff, Alyse Lucas Corcoran demands judgment against the Plaintiff and Counter-Defendant, Alex Silva, for damages in an amount in excess of Thirteen Thousand Four Hundred and Thirty Dollars ($13,430.00) with interest and costs.

Respectfully Submitted,

**VANGRACK, AXELSON, WILLIAMOWSKY,
BENDER & FISHMAN P.C.**

By: _____
Steven VanGrack, Esq., Bar No. 22339
401 North Washington Street, Suite 550
Rockville, MD 20850
Phone: (301) 738-7600
Fax: (301) 424-0124


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July 2007, the foregoing was electronically filed and also mailed via first class mail, postage prepaid to:

Athan T. Tsimpedes, Esq.
Law Offices of Athan T. Tsimpedes
1420 New York Avenue, N.W., 7th Floor
Washington, D.C. 20005

_____
Steven VanGrack, Esq.